938 P.2d 1209

Ron J. GABRIEL and Marilyn Gabriel,
husband and wife, Plaintiffs–
Appellants,

v.

Deloyd CAZIER, Jr., and Mary E. Cazier,
husband and wife, Defendants–
Respondents.

No. 22876.

Supreme Court of Idaho.
Boise, February 1997 Term.

April 4, 1997.

Rehearing Denied June 30, 1997.

Churchill Law Offices, Boise, for appellants. Gary L. Neal argued.

Salladay, Harrigfeld & Day, Boise, for respondents. G. Lance Salladay argued.

JOHNSON, Justice.

This is a restrictive covenant case. We conclude that the covenant prohibiting a business in a subdivision is ambiguous in the context of the covenant, and that it should not be construed to prohibit swimming lessons conducted by a homeowner's children

for profit during the summer months. We also conclude that there is substantial and competent evidence to support the trial court's finding that conducting the swimming lessons did not constitute a nuisance.

## I.

### THE BACKGROUND AND PRIOR PROCEEDINGS

The Caziers and the Gabriels live across the street from each other in a subdivision (the subdivision). A declaration of protective restrictions and covenants (the declaration) applies to the subdivision. Under the title "NUISANCES," the declaration provides:

No business or trade or offensive or noxious activity shall be carried on upon any lot in the Subdivision, nor shall anything be done thereon which may become an annoyance or a nuisance to the neighborhood by unreasonably interfering with the use and enjoyment of other property within the Subdivision, nor shall any residence be utilized for public purposes or services including public worship or church services. Weeds shall be kept cut and portions of any lot not in use for lawn or otherwise shall be kept trimmed and in a neat and orderly condition.

Another portion of the declaration provides that "toilet facilities shall be located inside the dwelling ... and shall be connected ... with ... a septic tank...."

The Caziers' children taught swimming lessons at their backyard pool in the subdivision during the summer months from 1988 through 1995. Each summer, they conducted eighteen lessons four or five days a week for ten weeks, earning approximately $10,-000. These lessons resulted in a substantial increase in traffic and parking in the neighborhood. The Caziers maintained a portable chemical toilet outside their home near the swimming pool for the convenience of the swimming students.

The Gabriels sued the Caziers, alleging that the Caziers violated the declaration by operating a business within the subdivision and by creating a nuisance and annoyance that unreasonably interfered with the Gabriels' use and enjoyment of their property. The Gabriels sought a permanent injunction against the swimming lessons, general damages, together with reasonable attorney fees and costs. In addition, the Gabriels sought to have the portable chemical toilet removed.

Following a court trial, the trial court found:

1. at least two other families in the subdivision conduct swimming lessons at their pools;

2. the Caziers' do not employ anyone outside the family for the lessons;

3. the Gabriels are the only residents of the subdivision that have a complaint about the Caziers' swimming lessons;

4. the increase in traffic is well within the capacity of the streets in the subdivision;

5. the parking does not constitute a disturbance to the Gabriels;

6. the swimming lessons are not unduly noisy or disturbing to neighbors;

7. the Gabriels conduct part of their real estate business from their home, have operated a mail-order business from their home, have raised farm animals in their backyard, and have sold these animals.

The trial court ruled that the Caziers' activity is not a "business" as used in the declaration because it is an occasional or seasonal activity, and that the declaration has been interpreted by those in the subdivision to allow swimming lessons for at least fifteen years without complaint. Therefore, the trial court concluded that the declaration has been abandoned as it applies to swimming lessons offered by a homeowner's children during a limited period of time. The trial court also ruled that the lessons are not a nuisance, but that the portable chemical toilet violates the declaration. The trial court awarded the Caziers judgment, except it said the Caziers

shall not use a portable chemical toilet in connection with the swimming lessons. The Gabriels appealed.

## II.

## THE TERM "BUSINESS," IN THE CONTEXT OF THE DECLARATION, IS AMBIGUOUS, AND THERE IS SUBSTANTIAL AND COMPETENT EVIDENCE TO SUPPORT THE TRIAL COURT'S FINDING THAT THE SWIMMING LESSONS ARE NOT A BUSINESS.

 The Gabriels assert that the swimming lessons were a "business" prohibited by the declaration. We conclude that, in the context of the declaration, the term "business" is ambiguous, and that there is substantial and competent evidence to support the trial court's finding that the swimming lessons are not a business. We first address the ambiguity of the term "business" in the context of the declaration. In order to determine whether a provision of a restrictive covenant is ambiguous, we must determine whether the provision is reasonably susceptible to conflicting interpretations. *Brown v. Perkins,* 129 Idaho 189, 193, 923 P.2d 434, 438 (1996).

The declaration states that "no business or trade or offensive or noxious activity shall be carried on upon any lot in the Subdivision." "Business" can be reasonably interpreted to include the swimming lessons at issue in this case, as well as other activities, including home offices. "Business" can also reasonably be interpreted to include only permanent commercial enterprises like shops, restaurants, and office buildings. Therefore, we conclude that, in the context of the declaration, the term "business" is ambiguous, requiring construction.

If a restrictive covenant is subject to conflicting interpretation, it is ambiguous, and its construction is a question of fact to be interpreted according to the following principles:

If an ambiguity is found in the restrictive covenant, the Court is to determine the intent of the parties at the time the instrument was drafted. The interpretation of the restrictive covenants intended by the drafters can be ascertained from the language of the covenants, the existing circumstances at the time of the formulation of the covenants, and the conduct of the parties. Additionally, the mutual interpretation of the restrictive covenants afford cogent evidence of their meaning. *Brown* at 193, 923 P.2d at 438 (citations omitted).

We are also constrained in our interpretation by the principle that "When 'construing a restrictive covenant, which is in derogation of the common law right to use land, restrictions are not to be extended by implication to include any restrictions not expressed clearly and doubts are to be resolved in favor of the free use of land.'" *Id.* at 192, 923 P.2d at 437 (quoting *Post v. Murphy,* 125 Idaho 473, 475, 873 P.2d 118, 120 (1994)).

The trial court heard evidence by the writer of the declaration who stated that the prohibition on businesses was intended to prohibit activities such as opening automobile repair shops and animal kennels. In addition, the trial court found that at least two other families in the subdivision conduct swimming lessons from their backyard pools. One family has conducted lessons for over fifteen years. The trial court also found that with the exception of the Gabriels, no other resident of the subdivision has registered any complaints about the lessons. This evidence supports the finding that the term "business" as used in the declaration was not intended nor interpreted by the owners of lots in the subdivision to prohibit swimming lessons conducted by a homeowner's children in their own backyard during a limited time in the summer.

## III.

## THERE IS SUBSTANTIAL AND COMPETENT EVIDENCE TO SUPPORT THE TRIAL COURT'S FINDING THAT CONDUCTING THE SWIMMING LESSONS IS NOT A NUISANCE.

 The Gabriels assert that the trial court should not have found that conducting

the swimming lessons is not a nuisance prohibited in the declaration. We conclude that there is substantial and competent evidence to support the trial court's finding.

The trial court found that the Caziers' activity does not constitute a nuisance or interfere with the rights of the Gabriels. The trial court based this finding on the fact that the lessons do not create an undue amount of noise, they are conducted in the Caziers' backyard, they are during reasonable hours of the day, the parking is confined to the Cazier's own frontage, and the increased traffic is within the capacity of the subdivision's streets.

## IV.

## CONCLUSION

We affirm the judgment of the trial court.

We award the Caziers costs, but not attorney fees, on appeal.

TROUT, C.J., McDEVITT, J., and WOODLAND, J. Pro Tem., concur.

SCHROEDER, J., concurs in the result.

SCHROEDER, Justice, concurring.

I concur in the result but do so on the basis that it is clear, as the district court determined, that the declaration of restrictions has been abandoned as it applies to swimming lessons of the type conducted by the respondent's children. The Court's decision goes too far in using evidence of conduct within the neighborhood to interpret the meaning of the restriction. That evidence clearly establishes abandonment but should not be used to say that this commercial activity is not a business. If this activity had been challenged shortly after the subdivision was developed it would seem almost certain that there would be a finding that this was a business. However, the neighborhood has abandoned objection to this commercial activity. Even those who now object have conducted business on their property.